842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy Louis HALLMON, Defendant-Appellant.
 No. 87-5083.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1988.
Decided March 23, 1988.
 
 Kenneth P. Andresen for appellant.
 Paul Alexander Winman, Assistant United States Attorney (Robert H. Edmonds, Jr., United States Attorney; Becky M. Strickland, CLA Paralegal Specialist, on brief), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a jury trial Tommy Louis Hallmon was found guilty of conspiracy to unlawfully distribute cocaine in violation of 21 U.S.C. Sec. 846, and of unlawfully possessing with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal he claims that the prosecutor misused the grand jury by engaging in discovery by bringing witnesses before the grand jury after the indictment was returned. He also claims a violation of his due process rights because his co-conspirators, who entered plea agreements, received lesser sentences. He claims error because of the introduction of certain drug paraphernalia at his trial, and because the trial judge refused to continue the date of trial, and because of alleged improper comments made by the prosecutor. Finding no merit in any of these exceptions we affirm.
 
 
 2
 Hallmon was served with a valid search warrant as he left his apartment on February 12, 1987. A search of his person resulted in the seizure of approximately 104 grams of cocaine which was contained in numerous small plastic bags. The search of the apartment resulted in the seizure of 512 grams of cocaine, a .22 caliber Derringer and .357 caliber Magnum, both fully loaded, numerous plastic bags, a number of zip-loc bags and a set of electronic scales.
 
 
 3
 Appellant was originally indicted for possession with intent to distribute cocaine, but later the conspiracy count was added to the indictment after further grand jury investigation. It is obvious, and the district court so found, that the second grand jury proceeding was for the purpose of considering the conspiracy charge, and the fact that some evidence may have been introduced that applied to the possession with intent to distribute charge does not make the grand jury proceedings improper nor does it amount to a misuse of the grand jury by the prosecutor.
 
 
 4
 There was no error in admitting evidence of large amounts of cash or drug paraphernalia confiscated from the appellant's apartment. These items are admissible on the issue of a person's intent to distribute and tend to prove that his possession was not for personal use.
 
 
 5
 His claim that he did not receive the same sentence as his co-conspirators, who entered plea agreements, is totally lacking in merit. The evidence tended to establish that the appellant was the leader of the conspiracy and this would justify a greater sentence, and appellant was convicted under Count Two of possession with intent to distribute cocaine in addition to his conviction of conspiracy under Count One. His co-conspirators entered pleas of guilty only to Count One.
 
 
 6
 We have examined the statements made by the prosecutor and find no merit to appellant's claim that such statements ridiculed the role of a defense attorney. This statement was made only once and was not of the type considered prejudicial.
 
 
 7
 The trial judge granted a 24 hour delay prior to beginning the trial in this case and we find no abuse of discretion in not granting a longer continuance.
 
 
 8
 AFFIRMED.